IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00179-M

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RASHAWN LANE,<br><br>Defendant. | ORDER |

This matter comes before the court on Defendant's motion to dismiss the indictment on the grounds that 18 U.S.C. § 922(g)(1) "is unconstitutional both on its face and as applied to [Defendant]." DE 33 at 1. The United States responded in opposition. DE 39.

Since the filing of Defendant's motion, the United States Court of Appeals for the Fourth Circuit has held that Section 922(g)(1) is constitutional on its face, *United States v. Canada*, __ F.4th __, 2024 WL 5002188 (4th Cir. Dec. 6, 2024), and as applied to any individual with a felony conviction "'unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful,'" *United States v. Hunt*, __ F.4th __, 2024 WL 5149611, at *1 (4th Cir. Dec. 18, 2024) (quoting *Hamilton v. Pallozzi*, 848 F.3d 614, 626 (4th Cir. 2017)).

Defendant's motion also implicates *Bruen* and *Rahimi*. In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home" and announced a new history-driven analytical framework for assessing the constitutionality of firearm regulations. *New York State Rifle & Pistol Ass'n, Inc. v.*

*Bruen*, 597 U.S. 1, 10 (2022). Then in *Rahimi*, the Supreme Court considered a *Bruen* challenge to a separate sub-provision of Section 922(g) and concluded that individuals subject to a domestic violence restraining order may be prohibited from possessing a firearm. *United States v. Rahimi*, 602 U.S. 680, 690 (2024) (addressing 18 U.S.C. § 922(g)(8)).

The Fourth Circuit in *Canada* and *Hunt* considered both those rulings, and ultimately found that "Section 922(g)(1) remains facially constitutional after *Bruen* and *Rahimi*," and that "neither *Bruen* nor *Rahimi* abrogates [earlier Fourth Circuit] precedent foreclosing as-applied challenges to Section 922(g)(1)." *Hunt*, 2024 WL 5149611, at *3.

"In our hierarchical judicial system, it is axiomatic that [the Fourth Circuit's] decisions bind [this] court[]." *R.A. v. McClenahan*, 122 F.4th 143, 146 (4th Cir. 2024) (internal quotation marks omitted). Defendant has not suggested that his felony convictions have been pardoned, or that the laws defining his prior crimes of conviction have been found unconstitutional. *See* DE 33 at 1-9. Accordingly, *Canada* and *Hunt* (issued after and with consideration of *Bruen* and *Rahimi*) control this matter and foreclose Defendant's facial and as-applied challenges to Section 922(g)(1). Defendant's motion to dismiss is DENIED.

SO ORDERED this 7th day of January, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE